232

## TITUS v. UNITED STATES.
### Civil Action No. 1098.

District Court, N. D. Oklahoma.
Nov. 27, 1944.

Ray S. Fellows, of Tulsa, Okl., and Robert Ash and W. T. Durant, both of Washington, D. C., for plaintiff.

Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

The Court makes the following findings of fact and conclusions of law:

#### Findings of Fact

I. This action was begun on the 28th day of October, 1943, for a refund of what plaintiff alleges was an overpayment of income taxes for the taxable years of 1939 and 1940 on the ground that the income and deductions of C. W. Titus Com-

pany, a trust, should have been consolidated with that of plaintiff personally. There is no dispute between the parties as to amount if plaintiff is entitled to any recovery.

II. In January 1926, C. W. Titus, Inc., was incorporated under the laws of the State of Oklahoma. This was a closed corporation with 3000 shares of capital stock of which 2998 shares were issued to and were owned by C. W. Titus personally. The remaining shares were issued and carried on the corporate books as one share to Odessa Titus, his wife, and one share to Janet Titus, his sister. The shares of the two women were purely qualifying shares, the consideration for which had been paid by C. W. Titus personally. The corporation was engaged in the oil business.

III. After the corporation was organized but during the year 1926, the corporation sold its oil and gas producing properties for $2,000,000 and immediately invested $1,576,089.16 in stocks and bonds. The record is not clear what happened with the balance.

IV. The business was carried on by the corporation until on December 31, 1927, the three stockholders of the corporation entered into an agreement designated "Articles of Agreement and Declaration of Trust", by which a trust was set up under the name of C. W. Titus Company. The next day, January 1, 1928, the entire stock of the corporation was transferred to C. W. Titus Company. During that year, C. W. Titus Company transferred 2850 shares of the stock back to the corporation in exchange for certain of the corporate assets. In 1931, C. W. Titus Company transferred the balance of the corporate stock to the corporation in exchange for the balance of its assets. The corporation was then dissolved.

V. By the above-named "Articles of Agreement and Declaration of Trust" the subscribers (Titus, his wife and his sister) set forth they intended to immediately transfer the rights and interests acquired by them in certain stocks, securities, etc. The subscribers were termed "shareholders". The instrument provided for the issuance of certificates covering 300,000 shares of no par value. It designated C. W. Titus as trustee and provided a means for the selection of a new trustee by the shareholders in the event of a vacancy in

the trusteeship. The shareholders fixed the compensation for the trustee. It provided the trustee with very broad powers authorizing him to acquire all kinds of property and manage or sell it and particularly to deal in stocks and securities and in oil properties. He was permitted to use his own discretion in all such matters. His liabilities were limited to those of the trust except his possible liability for breach of trust. He was authorized to declare and pay dividends out of net profits or surplus and the instrument provided the shareholders, either the three subscribers or any subsequent shareholders, were entitled to dividends when declared by the trustee, and the shareholders were entitled to their pro rata share of assets on dissolution. The trustee was authorized to increase the capital stock. The trust was to run for a period of 21 years, unless dissolved before that. No provision was made authorizing the shareholders to discharge or exercise any control over the acts of the trustee, except as set out above. All the assets of C. W. Titus Company came from the corporation, except the financial gain from use of properties or funds acquired from the corporation.

VI. No taxable gain was reported by C. W. Titus Company or by plaintiff at the time of the surrender of the corporate stock for the corporate assets acquired by C. W. Titus Company. On the contrary, C. W. Titus Company and C. W. Titus, Inc., filed consolidated or joint corporate income tax returns from the time of the creation of C. W. Titus Company (1928) until the corporation was dissolved (1931). After that and through the year 1940, C. W. Titus Company filed a corporate income tax return, as is required of "associations," by which C. W. Titus Company was designated "Oil and Investment Trust, Acts as Principal." The plaintiff filed a separate individual return during all this time. During the greater portion of this time, C. W. Titus Company did many things indicating a claim of a corporate character. Some of these included capital stock tax returns, state income tax returns which, in addition to the claim of corporate character, showed the three subscribers as the officers and specified the salaries each received. The parties agree that had the taxable gain been reported by plaintiff at the time the assets of the corporation were acquired by the C. W. Titus Company, the tax liability would have been in ex- cess of $150,000, which has not been paid, and a claim for which is now barred by limitations.

VII. Throughout all the years, plaintiff sincerely believed C. W. Titus Company was an "association" within the meaning of the federal income tax law and therefore taxable as a corporation and he further believed he was correct in not reporting a taxable gain to C. W. Titus Company at the time the assets of the corporation were acquired because he thought the transfer simply brought about a reorganization of C. W. Titus, Inc. The government was given free access to all the books and records of the corporation, C. W. Titus Company and C. W. Titus, an individual, and upon examining such records the government tax agents concurred in plaintiff's contention that only a reorganization of C. W. Titus, Inc. was being made and therefore the assets acquired did not represent taxable gain. Plaintiff did not assert his present position until the time had passed when the government might legally demand the additional tax for the taxable gain of plaintiff in acquiring the assets of the corporation if plaintiff's position should now be sustained.

### Conclusions of Law

■ I. C. W. Titus Company is an "association" as that term is used in the Internal Revenue Code § 3797(3), 26 U.S. C.A. Int.Rev.Code, § 3797(3) and is, therefore, taxable as a corporation. No doubt, this actually was a business conducted in the name of a trust for the sole benefit of plaintiff but the Court is governed by the interest and control and right to a share in the benefits given all the shareholders as authorized by the agreement of the parties, rather than the practical operation.

■ II. Plaintiff should not be allowed to change his position after the limitations period has elapsed and, after having agreed for many years, the position taken by this Court in the first conclusion is correct and proceeded accordingly.

III. The equitable defense by the government that plaintiff be estopped from asserting his present position, after having received the benefits of his first position in claiming no change in taxable status, should be sustained.

IV. Recovery should be denied and judgment rendered for the defendant.

Attorneys for the defendant should prepare a journal entry of judgment accord-

ing to these findings and conclusions and submit same to counsel for plaintiff, after which this cause will be set down for further hearing on the 4 day of December, 1944, at which time judgment will be rendered.